THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOSÉ MARÍA VEGA, Defendant and Appellant.

No. 7967. Argued March 26, 1940.—Decided March 30, 1940.

*García Méndez & García Méndez* for appellant. *R. A. Gómez, Prosecuting Attorney*, for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

José María Vega was convicted of carrying a pistol. His first contention is that the district court erred in admitting as evidence a pistol without sufficient identification.

All of the eye-witnesses for the prosecution had described the pistol said to have been drawn by defendant. The district chief of police, who was not an eye-witness to the alleged offense, fully identified a pistol found by him in defendant's house on the day after the date of such offense. This pistol was of a size and color similar to the size and

color of the weapon described by eye-witnesses as having been drawn by defendant. Two of these witnesses said it was the same weapon.

When at the close of the evidence for the prosecution the district attorney offered the pistol in evidence, counsel for defendant stated that defendant had no objection to the admission of the pistol in evidence as the weapon found by the district chief of police; but said that if it was offered as the pistol referred to by other witnesses, defendant would object on the ground that it had not been sufficiently identified by those witnesses. The pistol was then admitted in evidence "as the pistol identified in this proceeding." Defendant took an exception to this ruling on the ground that while the evidence was admissible as the weapon found by the district chief of police in defendant's house july 12, 1936, it was not admissible as the pistol referred to by other witnesses who had failed to identify it as the pistol carried by defendant July 11, 1936.

Appellant cites no authority in support of his first contention. The argument in the brief fails to distinguish between the question of admissibility as evidence and the question of probative value. We cannot assume with appellant that it was necessary to identify the pistol beyond all reasonable doubt as the weapon said to have been carried by defendant as a condition precedent to its admission as evidence. In any event, the district judge at the time of pronouncing sentence made it quite clear that he attached little or no importance to the sufficiency or insufficiency of the identification by the two eye-witnesses who testified that the pistol exhibited by the district attorney was the pistol which they had seen in the hands of defendant. If the district judge had stated that the pistol would be admitted in evidence only as the weapon identified by the district chief of police and not as the weapon referred to by eye-witnesses for the prosecution, the result would have been the same. Hence, the error, if any, was harmless.

418

Appellant's second contention is that the judgment is contrary to the law and to the evidence. We have examined the evidence and find in the weighing thereof no such manifest error as to require a reversal.

The judgment appealed from must be affirmed.